David H. Krieger, Esq.
Nevada Bar No. 9086
KRIEGER LAW GROUP LLC
500 N. Rainbow Blvd., Suite 300
Las Vegas, NV 89107
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TERESA L. EVANS-SAMPLE,<br><br>PLAINTIFF,<br>V.<br><br>EARLY WARNING SERVICES, LLC; JP MORGAN CHASE BANK, NA; LEXISNEXIS RISK SOLUTIONS; TARGET FINANCIAL; AND WELLS FARGO BANK, NA,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F. Supp. 2d 941, 946 (D. Nev. 2011).

1

2. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

3. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Early Warning has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

4. Plaintiff is a natural person residing in the County of Clark, State of Nevada. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Early Warning Services, LLC ("Early Warning") is a "Consumer Reporting Agency" as that term is defined by 15 U.S.C. § 1681a(f) because it regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Early Warning is doing business in Nevada with its principal place of business in Arizona.

6. Defendant LexisNexis Risk Solutions ("Lexis") is a corporation doing business in Nevada. Lexis regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports. As such, Lexis is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

7. Defendant Target Financial ("Target") is a corporation doing business in Nevada. Target is a "person" for purposes of 15 U.S.C. §§ 1681b(f) and 1681q.

8. Defendant JP Morgan Chase Bank NA ("Chase") is a corporation doing business in Nevada. Chase is a "person" for purposes of 15 U.S.C. §§ 1681b(f) and 1681q.

9. Defendant Wells Fargo Bank NA ("Wells Fargo") is a corporation doing business in Nevada. Chase is a "person" for purposes of 15 U.S.C. §§ 1681b(f) and 1681q.

10. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## FACTUAL ALLEGATIONS

### *General Statutory Background*

11. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reporting directly impairs the efficiency of the banking system. Further, policies and procedures unreasonably designed to assure that consumer information remains private and is reported accurately directly undermine the public confidence in banking and financial systems.

12. Congress enacted the FCRA to insure accurate reporting, to promote efficiency in the banking system, and to protect consumer privacy. The FCRA ensures consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

13. The FCRA protects consumers through a tightly wound set of protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit

3

decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

**DEFENDANTS' LIABILITY TO PLAINTIFF**

*Counts 1 and 2 – Violations of Section 1681g(a)(1)*

14. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

15. The FCRA entitles the consumer to take an active role in the protection of his or her sensitive personal information, by giving the consumer a right to request "All information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).[1] Disclosure of complete information in a consumer's file permits the consumer to determine whether any information is inaccurate, as well as protect a consumer's privacy. *See* 15 U.S.C. § 1681a(d)(2)(A)(iii); 1681b(c).

16. Specifically, and pursuant to Section 1681g, when a CRA discloses to a consumer that consumer's file, the disclosure must "clearly and accurately" reflect all the information in that consumer's file at the time of the disclosure. 15 U.S.C. § 1681g(a)(1); *Ramirez v. TransUnion LLC*, --- F.3d ----, 2020 WL 946973, at *15-16 (9th Cir. Feb. 27, 2020). Information which is either unclear or inaccurate violates the statute and creates liability. *See Leoni v. Experian Information Solutions, Inc.*, No. 17-cv-1408-RFB-VCF, 2019 WL 4866118, at *4 (D. Nev. Sept. 26, 2019).

---

[1] This requirement is subject to exceptions in Sections 1681h(a)(1) and 1681g(a)(1)(A)-(B), which are not relevant here.

4

17. The Ninth Circuit evaluates the clarity and accuracy of a disclosure by recourse to how an average consumer would view them. *See Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749 (9th Cir. 2018). "File," is explicitly defined in the FCRA, and when applied to consumers, means, "all of the information on that consumer and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). The Ninth Circuit has defined "file" as all information the CRA maintains on a consumer that has been, or might be, included in a consumer report on that consumer. *See Shaw*, 891 F.3d at 759-60.

18. Clear and accurate disclosure also furthers the FCRA's privacy policies, by providing a consumer the opportunity to self-police their reported information for fraud, as well as to determine whether that consumer should exercise their rights to refuse to permit a company to share data between its affiliate companies, as well as to opt out of receipt of promotional mailings. *See* 15 U.S.C. §§ 1681a(d)(2)(A)(iii); 1681b(c).

**Count 1 – Early Warning Violates Section 1681g(a)(1) by Including Inaccurate and Confusing Information on Its Disclosures.**

19. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

20. Pursuant to Plaintiff's request, Early Warning provided her with what purported to be all of her Section 1681g disclosures on November 4, 2019 ("Early Warning Disclosure"). Thereon, Early Warning reported a BANA account with a previous account status of "overdrawn" in 2001.

21. Such information might appear on other consumer reports Early Warning issued about Plaintiff. Moreover, the inquiries section of Plaintiff's Disclosure showed that several

entities had accessed her private credit information shortly before her disclosure, and on information and belief such access continued after her disclosure was made.

22. The information in question had the tendency to confuse an average consumer like Plaintiff, regardless of her ability to dispute the information in question.

23. Consequently, Plaintiff's Disclosure was inaccurate and derogatory, in violation of Section 1681g(a)(1).

### Count 2 – Lexis Violates Section 1681g(a)(1) by Including Inaccurate and Confusing Information on Its Disclosures.

24. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

25. Pursuant to Plaintiff's request, Lexis provided her with all of her Section 1681g disclosures on November 1, 2019 in a series of separate reports (collectively, "Lexis Warning Disclosures"). Thereon, Lexis reported eight inaccurate addresses ("Inaccurate Addresses").

26. Such information might appear on other consumer reports Lexis issued about Plaintiff. Moreover, the inquiries section of Plaintiff's Disclosures showed that at least one entity had accessed her private credit information shortly before her disclosure, and on information and belief such access continued after her disclosure was made.

27. The information in question had the tendency to confuse an average consumer like Plaintiff, regardless of her ability to dispute the information in question.

28. Consequently, Plaintiff's Disclosure was inaccurate and derogatory, in violation of Section 1681g(a)(1).

### *Counts 3 and 4 – Violations of Section 1681i*

29. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

30. Section 1681i establishes requirements for a reporting agency's reinvestigation of a consumer dispute. Under Section 1681i(a), a consumer may dispute any inaccurate item of information contained in their file by notifying the reporting agency of the inaccuracy.

**Count 3 – Early Warning Violates Section 1681i by Failing to Timely Transmit the Results of Any Reinvestigation It Conducted to Plaintiff.**

31. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

32. After receipt of the Early Warning Disclosure, on or about December 10, 2019, pursuant to 15 U.S.C. § 1681i(a)(1), Plaintiff disputed Early Warning's reported information regarding misreported trade lines by notifying Early Warning, in writing, of the incorrect and inaccurate BANA information, as well as two impermissible inquiries on her credit file.

33. Specifically, Plaintiff mailed a written dispute, certified, return receipt ("Early Warning Dispute Letter"), to Early Warning, requesting disputed inaccurate and incorrect derogatory information be removed, corrected, or deleted.

34. Early Warning received Plaintiff's dispute, because it acknowledged the same in a December 17, 2019 letter to Plaintiff.

35. Early Warning was required to conduct an investigation pursuant to 15 U.S.C. § 1681i, and to respond to her dispute within either 30 or 45 days, as required under Section 1681i(a)(3) or (6).

36. However, Early Warning failed to comply with its obligation to provide Plaintiff with the results of any "reinvestigation" completed relating to the Early Warning Dispute Letter.

7

37. Consequently, Early Warning violated Section 1681i(a) of the FCRA.

**Count 4 – Lexis Violates Section 1681i(a) by Failing to Properly Present Plaintiff with the Results of Her Reinvestigation.**

38. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

39. After receipt of her Lexis Disclosures, on or about December 11, 2019, pursuant to 15 U.S.C. § 1681i(a)(1), Plaintiff disputed Lexis's reported information regarding the Inaccurate Addresses as well as, *inter alia*, an inaccurate inquiry appearing on her Disclosures.

40. Specifically, Plaintiff mailed a written dispute, certified, return receipt ("Early Warning Dispute Letter"), to Lexis requesting disputed inaccurate and incorrect derogatory information be removed, corrected, or deleted.

41. Lexis received Plaintiff's dispute, as it ultimately responded with a reinvestigation to Plaintiff on January 10, 2020 ("Reinvestigation").  On information and belief, Lexis did not find Plaintiff's dispute to be frivolous or irrelevant in all respects.

42. Consequently, Lexis was required to conduct a reinvestigation, and to send its reinvestigation notice to Plaintiff, pursuant to 15 U.S.C. 1681i(a)(6).

43. Lexis's Reinvestigation was thoroughly unclear.  Instead of identifying the items of information it had reinvestigated, Lexis informed Plaintiff that it had conducted reinvestigations by reference to indecipherable numbers which were not related to any item of information she had disputed.  Therefore, Plaintiff was at a total loss as to whether Lexis's reinvestigation had actually resolved all of her disputes.

44. By failing to provide Plaintiff with notice that it had actually reinvestigated and resolved each item of disputed information Plaintiff had dismissed, Lexis's reinvestigation remained incomplete, and violated Section 1681i(a) of the FCRA.

### Count 5 – Early Warning Violates Section 1681c(a)(5) by Including Adverse Information on Plaintiff's File Which Antedates the Report by More than Seven Years.

45. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

46. Under Section 1681c(a)(5), no consumer reporting agency may report any "adverse item of information . . . which antedates the report by more than seven years." Controlling Ninth Circuit case law states the same. *Moran v. Screening Pros, LLC*, 943 F.3d 1175 (9th Cir. 2019).

47. Plaintiff's Early Warning Disclosure reported an adverse status of "overdrawn" on Plaintiff's BANA account, which dated from 2001.

48. On information and belief, such information could appear on any other consumer reports issued regarding Plaintiff.

49. Because this derogatory entry predated the date of a report by more than seven years, Early Warning violated Section 1681c(a)(5).

### Count 6 – Early Warning Violates Section 1681e(b) by Reporting Adverse Information Longer than the Statutory Time Period.

50. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

51. As part of its affirmative obligations to ensure the accuracy of its reported data, the consumer reporting agencies are required to adopt "reasonable procedures designed to ensure maximum possible accuracy of the information concerning the individual about

whom the report relates." 15 U.S.C. § 1681e(b).  This requirement exists whenever a consumer report is "prepared."  *Id.*

52. Under controlling Ninth Circuit precedent, a reporting agency need not *publish* a consumer report to a third party; rather, it is satisfied where an agency makes consumer reports available for third parties to acquire, regardless of whether a consumer can prove that a consumer report was ever published to a third party.  *Ramirez*, 2020 WL 946973, at *12.

53. By reporting information in violation of Section 1681c(a)(5), Early Warning demonstrated that it lacked procedures to exclude derogatory information which predated its reports by more than seven years.  This, in turn, violated Section 1681e(b).

### Count 7 – Early Warning Violates Section 1681e(a) by Permitting Chase and Wells Fargo to Procure Consumer Reports on Plaintiff Without Permissible Purposes.

54. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

55. A CRA is obligated to follow reasonable policies and procedures when it permits disclosure of consumer reports pursuant to the exclusively enumerated permissible purposes under 15 U.S.C. § 1681e(a), and to ensure that consumer reports are not furnished to persons it has reasonable grounds to believe will not use the consumer report for a permissible purpose.  If a CRA has "reasonable grounds" to believe that information will not be used for a permissible purpose, it must not furnish a report to that third party. 15 U.S.C. § 1681e(a). Pursuant to *Pintos v. Pacific Creditor's Ass'n*, however, to avoid liability, a CRA must do more than claim reliance on a third party's "general promise to obey the law."  605 F.3d 665, 675-76 (9th Cir. 2009).  In the Ninth Circuit, a consumer need not allege the specific purpose a third party had to procure credit.  *See Nayab v.*

10

*Capital One Bank (USA), N.A.*, 942 F.3d 480, 493-95 (9th Cir. 2019) (considering claims under Section 1681b(f)).

56. On information and belief, Early Warning permits third parties to procure a consumer's private information without requiring a permissible purpose.

57. Specifically, the Early Warning Disclosure reported that it had permitted Chase to procure Plaintiff's consumer report on September 19, 2019, and permitted Wells Fargo entities to procure her consumer report twice, on August 29-30, 2019. The Early Warning Disclosure showed no active accounts for either Wells Fargo or Chase, and thus these entities could not have procured Plaintiff's consumer report for purposes of reviewing Plaintiff's account. Neither of these entities had any other permissible purpose to procure a consumer report about Plaintiff.

58. The Early Warning Disclosure was the first time Plaintiff received notification of these impermissible inquiries.

59. By failing to ensure that it only permitted entities to access Plaintiff's private credit information for a permissible purpose, Early Warning demonstrated that it lacked procedures sufficient to comply with Section 1681e(a), and violated this statute.

### *Counts 8, 9, and 10 – Violations of Section 1681b(f)*

60. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

61. In addition to ensuring accuracy, Congress also enacted the FCRA to protect consumer privacy. 15 U.S.C. § 1681b provides an exhaustive list of permissible circumstances under which a third party may access a consumer report from a consumer reporting agency. 15 U.S.C. § 1681b(f) prohibits the use and obtaining of consumer reports "for

any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with Section 1681e of this title by a prospective user of the report through a general or specific certification."

62. Third parties are also under an obligation to procure consumer reports for specific permissible purposes only. A third party who procures a consumer reports without a permissible purpose is liable for violations of Section 1681b(f); further, Section 1681q provides that procuring a consumer report under false pretenses carries civil and criminal penalties.

63. In the Ninth Circuit, a consumer need not allege the specific purpose a third party had to procure credit. *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 493-95 (9th Cir. 2019) (considering claims under Section 1681b(f)).

**Count 8 – Wells Fargo Violates Section 1681b(f) by Procuring Consumer Reports on Plaintiff from Early Warning Without Permissible Purposes.**

64. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

65. As noted above, the Early Warning Disclosure shows that Wells Fargo procured two consumer reports for Plaintiff from Early Warning on August 29-30, 2019. Wells Fargo had no account relationship with Plaintiff at the time it procured these reports, nor had any other permissible purpose to procure these reports.

66. Consequently, Wells Fargo violated Section 1681b(f) of the FCRA.

**Count 9 – Chase Violates Section 1681b(f) by Procuring a Consumer Report on Plaintiff from Early Warning Without Any Permissible Purpose.**

67. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

68. As noted above, the Early Warning Disclosure shows that Chase procured a consumer report for Plaintiff from Early Warning on September 19, 2019. Chase had no account relationship with Plaintiff at the time it procured this report, nor had any other permissible purpose to procure this report.

69. Consequently, Chase violated Section 1681b(f) of the FCRA.

**Count 10 – Target Violates Section 1681b(f) by Procuring a Consumer Report on Plaintiff from Lexis Without Any Permissible Purpose.**

70. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

71. On one of the Lexis Disclosures, Lexis reported that Target had procured a consumer report from it on Target on September 19, 2019. While Target claimed that its permissible purpose was "written consent," Plaintiff had never provided Target with such consent, nor did Target have any account relationship or other permissible purpose to procure the consumer report in question.

72. Consequently, Target violated Section 1681b(f) of the FCRA.

**PLAINTIFF'S DAMAGES FOR COUNTS 1-12**

*Plaintiff's Damages Related to Early Warning (Counts 1, 3, 5, 6-7)*

73. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

13

74. In connection with Counts 1, 3, 5, 6-7, Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses, lost time, and damage to her creditworthiness. Plaintiff has also suffered emotional distress, including, *inter alia*, anxiety, anger, depression, fear, embarrassment, frustration, nervousness, restlessness, and stress – which has in turn caused her to suffer from panic attacks and aggravations of illnesses, among others. Plaintiff has also suffered concrete informational injuries in the violation of her privacy, as well as in receiving a defective Section 1681g disclosure and because Early Warning failed to protect her privacy by implementing reasonable procedures to ensure that consumer reports were only procured for permissible purposes. *See* 15 U.S.C. § 1681o.

75. In connection with Counts 1, 3, 5, 6-7, Early Warning's conduct was willful. Specifically, the statutory guidance of Sections 1681c, 1681e, 1681i, and 1681g are explicit, and Early Warning's violations of the same constituted at least a reckless violation of the law. Early Warning has complete control of its reinvestigation, the information in its files. Early Warning also knows that providing inaccurate information to a consumer, retaining information longer than the statutory time period, and designing internal procedures designed to ensure the maximum accuracy of its consumer-reporting information and to ensure that consumer reports were only provided for permissible purposes. Early Warning's violation of Section 1681e(a) was also willful, as Early Warning's permission of access ran an unreasonably high risk of violating clear statutory guidance regarding the procedures it should have had in place. Early Warning's statutory violations are evidence that its underlying interpretation of these statutes. Accordingly, Plaintiff is entitled to statutory damages. *See* 15 U.S.C. § 1681n.

76. In connection with Counts 1, 3, 5, 6-7, Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

### *Plaintiff's Damages Related to Wells Fargo (Count 8)*

77. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

78. In connection with Count 8, Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses, lost time, and emotional distress. Plaintiff has also suffered a concrete injury in that Wells Fargo violated its duties to protect her privacy. *See* 15 U.S.C. § 1681o.

79. In connection with Count 8, Wells Fargo's conduct was willful. Specifically, the prohibition against obtaining a consumer report for an impermissible purpose in Section 1681b(f) is unmistakable, and procuring a report in contravention of this clear authority evidences that Wells Fargo's interpretation of the law which is objectively unreasonable. This is especially true in light of the fact that Wells Fargo would have been obliged to provide a permissible purpose at the time it procured credit. Consequently, Plaintiff is eligible for statutory damages. *See* 15 U.S.C. § 1681n.

80. In connection with Count 8, Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

### *Plaintiff's Damages Related to Chase (Count 9)*

81. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

82. In connection with Count 9, Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses, lost time, and emotional distress. Plaintiff has also suffered a concrete injury in that Chase violated its duties to protect her privacy. *See* 15 U.S.C. § 1681o.

83. In connection with Count 9, Chase's conduct was willful. Specifically, the prohibition against obtaining a consumer report for an impermissible purpose in Section 1681b(f) is unmistakable, and procuring a report in contravention of this clear authority evidences that Chase's interpretation of the law which is objectively unreasonable. This is especially true in light of the fact that Chase would have been obliged to provide a permissible purpose at the time it procured credit. Consequently, Plaintiff is eligible for statutory damages.

84. In connection with Count 9, Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

### *Plaintiff's Damages Related to Lexis (Counts 2, 4)*

85. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

86. In connection with Counts 2, 4, Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses, lost time, and damage to her creditworthiness. She has also suffered emotional distress including, *inter alia*, sadness, depressing, fear, frustration, helplessness, and stress; this has caused Plaintiff to suffer aggravations of illnesses, insomnia, panic attacks, stomach pain – among other things. Plaintiff has also suffered concrete informational injuries in receiving a defective Section 1681g disclosure

and because Lexis failed to protect her privacy by implementing reasonable procedures to ensure that consumer reports were only procured for permissible purposes. *See* 15 U.S.C. § 1681o.

87. In connection with Counts 2, 4, Lexis's conduct was willful. Specifically, the statutory guidance of Section 1681i, is explicit, and Lexis's violations of the same constituted at least a reckless violation of the law. Lexis has complete control of its reinvestigation procedures, and knows that it must comply with Section 1681i's clear mandate. Lexis's statutory violations are evidence that its underlying interpretation of Section 1681i. Accordingly, Plaintiff is entitled to statutory damages. *See* 15 U.S.C. § 1681n.

88. In connection with Counts 2, 4, Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

### *Plaintiff's Damages Related to Target (Count 10)*

89. Plaintiff incorporates all preceding allegations found in the preceding paragraphs of this Complaint.

90. In connection with Count 10, Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses, lost time, and emotional distress. Plaintiff has also suffered a concrete injury in that Target violated its duties to protect her privacy. *See* 15 U.S.C. § 1681o.

91. In connection with Count 10, Target's conduct was willful. Specifically, the prohibition against obtaining a consumer report for an impermissible purpose in Section 1681b(f) is unmistakable, and procuring a report in contravention of this clear authority evidences that Target's interpretation of the law which is objectively unreasonable. This is

especially true in light of the fact that Target would have been obliged to provide a permissible purpose at the time it procured credit.  Consequently, Plaintiff is eligible for statutory damages.

92. In connection with Count 10, Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs.  *See* 15 U.S.C. §§ 1681n, 1681o.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants for each count:

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1) (all counts);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) (all counts);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2) (all counts);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA (all counts); and

- any other relief the Court may deem just and proper (all counts).

//

//

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 27, 2020

Respectfully submitted,

/s/ David H. Krieger, Esq.
David H. Krieger, Esq.
Nevada Bar No. 9086
KRIEGER LAW GROUP LLC
500 N. Rainbow Blvd., Suite 300
Las Vegas, NV 89107

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700

Attorneys for Plaintiff